SIMON S. LAPHAM, Executor, & others, *vs.* SAMUEL CLAPP & wife & others.

H. in his will, after directing the payment of his debts and expenses and making a bequest of furniture and household goods, bequeathed to L. $25 per month during her life, and further provided as follows: "After the decease of the said L. the residue of my property shall be divided among my legal heirs." *Held* (the personal estate having been exhausted in the payment of debts and expenses, and nothing remaining to satisfy the legacy to L. except certain real estate and a sum of money, part of the proceeds of a sale of real estate for payment of debts), that the legacy was a charge upon said money and upon the real estate remaining unsold.

BILL IN EQUITY, filed by the executor and a legatee under the will of James O. Holmes, for instructions as to the duty of said executor and the rights of said legatee under said will. The facts of the case are stated in the opinion of the court.

The bill having been taken *pro confesso* against the respondents, —

*S. S. Lapham*, for the complainants, contended that the legacy given to Louisa Herlitz was a charge upon the real estate of the testator, citing *Gould* v. *Winthrop & wife & others*, 5 R. I. 319; 1 Story's Eq. Juris. § 566 *b;* 2 Jarman on Wills, 378–380; and that the court had power to order a sale of the property for the purpose of raising a fund for the payment of the legacy, citing *Clapp* v. *Clapp & others*, 6 R. I. 129.

DURFEE, J. This is a bill in equity filed by Simon S. Lapham, as executor, and Louisa Herlitz, as legatee, under the will of James O. Holmes, for instructions in regard to the duty of said Lapham and the right of said Louisa Herlitz under said will. The will, after the usual direction to pay debts and expenses, and a bequest of furniture and household goods, bequeaths to the said Louisa the sum of twenty-five dollars per month during her life, and then provides as follows, viz: "After the decease of the said Louisa Herlitz, the residue of my property shall be divided among my legal heirs." The personal estate has been exhausted in the payment of debts and expenses, and there is nothing remaining to satisfy the legacy to Louisa Herlitz, except certain real estate and a small sum of money, which is a part of the proceeds of a sale of real estate made under an order of the court of probate for the payment of debts. The

executor doubts his authority to use this money in part satisfaction of said legacy, and joins with said legatee in asking a declaration from the court that the legacy is a charge or lien on the money in his hands and on the real estate, if the court is of that opinion, and for authority from the court to use the money and sell the real estate for the satisfaction of the legacy.

The legacy is in our opinion a charge upon the money in the hands of the executor and upon the real estate remaining unsold. Nothing passes by the residuary clause except " the residue of my property," or, in other words, nothing except what will be left of the testator's estate, real and personal, after the debts and legacies have been satisfied. The fact also that the legal heirs are to have this residue only after the decease of Louisa Herlitz, is further evidence of the intent to subject the entire estate to the charge of her monthly allowance, the amount of which could not be ascertained until her decease. *Hassell* v. *Hassell*, 2 Dickens, 527; *Bench* v. *Biles*, 4 Madd. 187; *Cole* v. *Turner*, 4 Russ. 376; *Mirehouse* v. *Scaife*, 2 Myl. & Cr. 696; *Gould* v. *Winthrop*, 5 R. I. 319. We therefore declare the legacy to be a charge upon the money in the hands of the executor, and instruct him to employ the same, so far as it will go, in satisfaction of the legacy. We also declare that the legacy is a charge upon the real estate.

The bill prays that said Lapham may be empowered to sell the real estate at auction, and to hold the proceeds of the sale for the purpose of paying the legacy and the expenses of the sale and administration, and of disposing of the residue under the will to the heirs at law of the testator. The answer admits the allegations of the bill, and in case the legacy is chargeable upon the proceeds of the real estate, consents to the sale of the premises as prayed for in said bill. We think, therefore, that the decree may be made in the manner indicated, though we wish to disclaim any intimation that the mere fact that the legacy is a lien on the real estate, gives the said Lapham any power over it, without authority from the court, because of his capacity as executor.                                    *Decree accordingly.*